IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN, | : | CIVIL ACTION |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | NO. 18-1126 |
|    Defendants. | : | |

**MEMORANDUM**

**PAPPERT, J.**                                                                                APRIL 18, 2018

On March 15, 2018, the Court received from *pro se* Plaintiff David Brown a Motion for Leave to Proceed *In Forma Pauperis* and a Complaint pursuant to 42 U.S.C. § 1983, naming the City of Philadelphia, Mayor Jim Kenney,[1] Warden Miranda, former District Attorney Seth Williams, Police Commissioner Richard Ross, and Officers Michael McCafferty and Kolb[2] as Defendants. Brown used this Court's form complaint for prisoners filing a civil rights action pursuant to § 1983, and he listed his current place of confinement as the Philadelphia House of Correction. Accordingly, because it appeared that Brown was a prisoner when he filed his lawsuit, the Court denied his Motion for Leave to Proceed *In Forma Pauperis* without prejudice because he had not included a certified copy of his inmate account statement for the period from September 15, 2017 through March 15, 2018. (ECF No. 2.) The Court directed Brown to either pay the $400.00 filing fee or submit a copy of his inmate account statement within thirty (30) days. (*Id.*)

---

[1] Brown has spelled the Mayor's last name as "Kenny" in his Complaint and Amended Complaint.
[2] Officer Kolb's first name has been omitted from the Complaint and Amended Complaint.

1

In response, Brown submitted a Motion for Appointment of Counsel (ECF No. 3), an Amended Complaint against the same Defendants (ECF No. 4), and a new Motion for Leave to Proceed *In Forma Pauperis*, using the Court's form application for non-prisoners (ECF No. 5). In these documents, Brown provided a new address indicating that he had been released. By Order entered on April 9, 2018, the Court informed Brown that, despite his release, the Prison Litigation Reform Act ("PLRA") applied to this case because he was incarcerated at the time he filed it. (ECF No. 6.) The Court denied his new Motion for Leave to Proceed *In Forma Pauperis* without prejudice and directed Brown to either pay the $400.00 filing fee or submit a copy of his inmate account statement so that the Court could calculate a partial filing fee. (*Id.*)

On April 13, 2018, the Court received a letter from Brown, in which he clarified that he could not produce an inmate account statement for the period from September 15, 2017 through March 15, 2018 because he was not an inmate at the time. (ECF No. 7.) Given this clarification, the Court will vacate its April 9, 2018 Order (ECF No. 6). The Court will also grant Brown leave to proceed *in forma pauperis* and will deem the Amended Complaint the operative pleading in this matter. Upon review of the Amended Complaint, the Court will dismiss Brown's claims against all Defendants except Officers McCafferty and Kolb, and allow him to proceed with his claims against those officers.

**I**

In his Amended Complaint, Brown alleges that on March 31, 2017, he was at home when Officers McCafferty and Kolb entered unannounced without a warrant and without probable cause, and began searching the house. (Am. Compl. at 3.) The

officers held Brown "at gunpoint inside [his] home for no reason." (*Id.*) Brown also contends that he was "physically restrained and tossed about and physically assault[ed] for asking question[s] as to why the[] intrusion." (*Id.*) When Brown asked the officers to leave, he "was assaulted and charged for said offense and allegations which were untrue and unfounded and not true statements of fact." (*Id.*) Brown was subsequently "admitted to Philadelphia House of Correction[] and held against [his] will for said offenses and mistreated by prison staff under Warden Miranda's . . . authority." (*Id.*) As relief, Brown requests that Officers McCaferty and Kolb be reprimanded and relieved of duty. (*Id.* at 4.) He also seeks $200,000.00 for "false and unlawful imprisonment" and $200,000.00 for malicious prosecution by District Attorney Seth Williams. (*Id.*)

## II

The Court will grant Brown leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies to Brown's Amended Complaint. That statute requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked

3

assertions will not suffice. *Id.* As Brown is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III

To state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, Brown's Amended Complaint fails to allege a meritorious claim against the named Defendants, with the exception of his claims against Officers McCafferty and Kolb.

### A. Claims Against the City of Philadelphia, Mayor Jim Kenney, and Commissioner Richard Ross

Brown has not stated a claim against the City of Philadelphia because he has not alleged a municipal custom or policy that led to the violation of his rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom). Moreover, nothing in the Amended Complaint plausibly suggests that Mayor Kenney and Commissioner Ross had any personal involvement such that they could be held responsible for anything related to Brown's arrest and subsequent prosecution. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Accordingly, Brown's claims against these Defendants will be dismissed.

### B. Claims Against Warden Miranda

Brown also names Warden Miranda, the Warden of the House of Correction, as a Defendant, vaguely alleging that he was "mistreated by prison staff under Warden Miranda's . . . authority" while he was incarcerated. (Am. Compl. at 3.) As an initial

4

matter, the Amended Complaint lacks any allegations regarding how Brown was mistreated while incarcerated at the House of Correction. Moreover, the Amended Complaint does not allege that Warden Miranda was personally responsible for violating Brown's constitutional rights, whether due to his own misconduct or his deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes*, 766 F.3d at 320. To the contrary, it appears that Brown seeks to hold Warden Miranda vicariously liable for the acts of House of Correction's employees, which is not a permissible basis for liability in a § 1983 action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). To the extent Brown asserts claims against Warden Miranda based on a failure to investigate the alleged mistreatment, he has not stated a constitutional claim. *See Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam) (explaining that "prison inmates do not have a constitutionally protected right to a grievance process"); *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)). Accordingly, Brown's claims against Warden Miranda will also be dismissed.[3]

### C. Claims Against Seth Williams

Brown vaguely alleges that former District Attorney Seth Williams is liable for malicious prosecution. Prosecutors, however, are entitled to absolute immunity from

---

[3] To the extent that Brown alleges that individual employees at the House of Correction mistreated him, he has not named those individuals as Defendants.

5

liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). As Brown's claims against Williams are based on conduct that occurred in the course of his prosecutorial capacity, those claims are barred by absolute immunity.

**D.   Claims Against Officers McCafferty and Kolb**

As noted above, Brown contends that on March 31, 2017, Officers McCafferty and Kolb entered his house without a warrant and without probable cause, and began a search of the house. (Am. Compl. at 3.) He also claims that the officers held him at gunpoint and physically assaulted him. (*Id.*) In light of these allegations, Brown will be permitted to proceed on these claims. *See Graham v. Connor*, 490 U.S. 386, 393-99 (1989); *James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012); *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009); *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

**IV**

For the foregoing reasons, the Court will dismiss Brown's claims against the City of Philadelphia, Mayor Kenney, Warden Miranda, Seth Williams and Commissioner Ross. However, he will be permitted to proceed on his claims against Officers McCafferty and Kolb. As it is possible that Brown could amend his claims against the City of Philadelphia, Mayor Kenney, Warden Miranda (or the unnamed prison staff

who allegedly mistreated him), and Commissioner Ross, he will be given an opportunity to file a second amended complaint in accordance with the Court's Order, which follows. If Brown fails to file a second amended complaint, his Amended Complaint will only be served on Officers McCafferty and Kolb.

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**