IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BROWN, *Plaintiff,* v. CITY OF PHILADELPHIA, *et al.*, *Defendants.* | CIVIL ACTION NO. 18-1126 |

**PAPPERT, J.** January 31, 2019

## MEMORANDUM

*Pro se* Plaintiff David Brown sued the City of Philadelphia and Parole Agent John Barthle, among others, alleging violations of his constitutional rights under 42 U.S.C. § 1983. The City and Agent Barthle filed Motions to Dismiss for failure to state a claim. For the reasons that follow, the Court grants both Motions.

I

Brown filed his original Complaint against the City of Philadelphia and six other defendants on March 15, 2018. (ECF No. 1.) He amended the Complaint, naming the same defendants, on April 5, 2018. (ECF No. 4.) The Court dismissed Brown's claims against the City and four other defendants on April 18, 2018. (ECF No. 9.) Brown then filed a Second Amended Complaint against the City naming several more defendants, including Parole Agent Barthle. (ECF No. 18).

The Court has already summarized the facts Brown alleged in his Amended Complaint. *See* (ECF No. 8 at 2–3.) In the Second Amended Complaint, Brown supplemented those allegations as follows.

1

Brown claims that on March 31, 2017, after police officers entered his house without a warrant and physically assaulted him, the officers brought him outside "and said something to [him] about a firearm [he] had no knowledge of which [they] planted somewhere outside [his] home to have [him] charged." (Second Am. Compl. 16–17.) Brown believes the officers were intent on arresting him for possession of a firearm "as a cover up for [a] previous . . . a firearm charge [he] was found not guilty of by jury trial." (*Id*. at 17.) The "police department as a whole," Brown alleges, has been "consistently trying to put [him] in possession of a gun and have [him] convicted and portrayed as some gun toting criminal gangster." (*Id*. at 19–20.)

According to Brown, his arrest was part of "an even larger skeem [sic] involving Philadelphia public officials officers [sic] . . . to take [his] property." (*Id*. at 18.) He claims that "public officials with a vested interest in the land property where [he's] resided for some years" are making "efforts to harass and . . . bull[y] [him] off the property to obtain th[e] property by default of [him] going to prison or some other ill fate." (*Id*.) He also believes they are "somehow associates and affiliated with the University of the Sciences of Pennsylvania College . . . which has been robbing, stealing, and buying up property in the area . . . in efforts at gentrification." (*Id*. at 20.)

Brown alleges that after his arrest for possession of a firearm, Parole Agent Barthle presented him with "violation of probation papers and told [him] that despite [his] innocence of the crimes [he] would be hold [sic] captive in jail." (*Id*. at 19.)

II

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim

2

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the facts alleged "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Court must take three steps to determine whether a complaint survives a defendant's motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* The Court's plausibility determination is a "context-specific

3

task that requires [it] to draw on its judicial experience and common sense."[1] *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

To establish a *prima facie* case under 42 U.S.C. § 1983, Brown must demonstrate that a person acting under color of law deprived him of a federal right. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). Brown must also show that the person acting under color of law intentionally violated his constitutional rights or acted with deliberate indifference in violation of those rights. *See, e.g.*, *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998); *Brower v. Cty. of Inyo*, 489 U.S. 593, 596 (1989) (citing *Hill v. California*, 401 U.S. 797, 802–05 (1971)); *see also Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

A

Brown claims that the City of Philadelphia violated his Fourth, Eighth and Fourteenth Amendment rights when it (1) "utilize[d] officers . . . to invade [Brown's] home and (2) "utilize[d] the District Attorney's office . . . to prosecute [Brown] under color of state law in efforts to disenfranchise [him] and bully [him] off [his] property . . . in efforts at gentrification." (Second Am. Compl. 11.) Construing his claim liberally,

---

[1] Because Brown is proceeding *pro se*, the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citation omitted). *See Bush v. City of Phila.*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (quoting *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally."). In a § 1983 action such as this, *pro se* plaintiffs are "entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citation omitted). At the same time, *pro se* plaintiffs "must allege sufficient facts in their complaints to support a claim. . . . [T]hey cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

the Court analyzes this allegation under the standard for municipal liability set forth in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

In *Monell*, the Supreme Court articulated a "two-path track to municipal liability under § 1983"—either through municipal policy or custom. *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996)); *see also Wilson v. City of Phila.*, 177 F. Supp. 3d 885, 908 (E.D. Pa. 2016) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1480 (3d Cir. 1990)) ("Generally, a municipality is not vicariously liable for its employees' conduct."). A municipal policy is created when a decisionmaker possessing final authority to establish municipal policy with respect to an action issues an official proclamation, policy or edict. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575 (3d Cir. 2003) (quoting *Kneipp*, 95 F.3d at 1212). A custom is a course of conduct so permanent and well-settled as to virtually constitute law. *Kneipp*, 95 F.3d at 1212 (quoting *Beck*, 89 F.3d at 971). "[A] prerequisite to establishing liability in either situation is a showing that a policymaker was responsible either for the policy or, through acquiescence, for the custom." *Id*.

To establish municipal liability, Brown must also show that a municipal policy or custom was the proximate cause of the injuries he sustained. *Id.* at 1213 (citing *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). He "must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's [policy or] custom and the specific deprivation of constitutional rights at issue." *Bielevicz*, 915 F.2d at 850 (citing *Estate of Bailey by Oare v. Cty. of York*, 768 F.2d 503, 507 (3d Cir. 1985)).

Brown fails to state a plausible claim against the City under *Monell*. He has not alleged that a municipal policy or custom caused his injuries, nor has he alleged any

5

conduct attributable to a City policymaker. Instead, he alleges in conclusory fashion that the Philadelphia Police Department has been "trying to put [him] in possession of a gun and have [him] convicted" and that his arrest was part of a scheme to forcibly take his property and gentrify his neighborhood. (Second Am. Compl. 18–20.) The only factual support for these allegations is his arrest. Even construed liberally, therefore, Brown's claims against the City again fail[2] to meet *Twombly* and *Iqbal*'s pleading standards. *See Butler v. City of Phila.*, 2013 WL 5842709 at *2 (E.D. Pa. Oct. 31, 2013). *See also McTernan v. City of York, PA*, 564 F.3d 636, 659 (3d Cir. 2009); *Rodriquez v. City of Camden*, 2013 WL 530863 (D.N.J. Feb. 11, 2013) (dismissing *Monell* claim where "Plaintiff's only factual support for his claims [was] the single incident of his arrest" because one cannot "plausibly infer a pattern or practice of excessive force from a single incident").

B

Brown also brings a § 1983 claim against Parole Agent Barthle, asserting that Barthle violated his constitutional rights by "hold[ing] [him] captive in jail with a violation of probation warrant where there was no violation."[3] (Second Am. Compl. 13.) In support of this claim, Brown alleges that Barthle presented him with papers after his arrest stating that he had violated his parole.

---

[2] In its April 18, 2018 Memorandum, the Court found that Brown's Amended Complaint did not sufficiently allege a municipal policy or custom that led to the violation of his rights. (ECF No. 8 at 4.)

[3] To the extent that Brown asserts this claim against Barthle in his official capacity, the claim is dismissed. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). *See also Davison v. Kennedy*, 2016 WL 538906 at *4 (M.D. Pa. Feb. 11, 2016); *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 198 (3d Cir. 2008) ("Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity.").

Brown fails to state a plausible claim that Barthle deprived him of a federal right. "A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . [which] can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted) (noting that the allegations must be made with "appropriate particularity"). Barthle had no personal involvement in the constitutional violations alleged in this case, and any probation violations would have been based on Brown's arrest and criminal charges—all of which, according to Brown, were effectuated by others. All Barthle allegedly did was lodge Brown's probation violation after officers had already searched Brown's home and arrested and detained him.[4]

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Brown has now twice amended his complaint against the City, *see* (ECF Nos. 4, 18), and further amendment would be futile. Although Barthle was first added to the case in Brown's Second Amended Complaint, *see* (ECF No. 18), further amendment as to Barthle would likewise be futile given that, according to Brown, Barthle was not involved the constitutional violations alleged in this case.

An appropriate Order follows.

---

[4] Because the Court has found that Barthle did not violate Brown's constitutional rights, it need not consider Barthle's qualified immunity defense. *See Kaucher v. Cty. of Bucks,* 455 F.3d 418, 423 n.2 (3d Cir. 2006).

7

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.