IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID BROWN<br><br>        *Plaintiff.*<br>   v.<br><br>MICHAEL McCAFFERTY *et al.*,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 18-1126 |

**PAPPERT, J.**                                                                                                                        February 24, 2020

## **MEMORANDUM**

Plaintiff David Brown alleges that two Philadelphia Police Department officers entered his home illegally and subjected him to excessive force while arresting him. Trial begins tomorrow. Brown filed a Motion *in Limine* to exclude evidence of his prior convictions.[1] The Court denies the Motion for the reasons that follow.

I

Brown filed a Motion *in Limine* seeking to prohibit Officers Michael McCafferty and William Kolb from introducing evidence of Brown's prior convictions to impeach his character for truthfulness. (Pl.'s Mot. *in Limine*, ECF No. 88.) In their response, Defendants state that they seek to admit evidence of Brown's prior convictions for both impeachment purposes and as evidence of his motive. *See* (Defs.' Resp., ECF No. 90). Within the last ten years, Brown has been convicted of the following three crimes in

---

[1]      Defendants also filed a Motion *in Limine* to exclude a state court's decision to suppress physical evidence in Brown's criminal case that resulted from the same arrest at issue here. (Defs.' Mot. *in Limine*, ECF No. 87.) Brown's final pretrial memorandum states that he "does not contest Defendants' motion *in limine* to exclude evidence of the court's decision to suppress the firearm." (Pl.'s Final Pretrial Memorandum 3 n.1, ECF No. 93.) The Court accordingly grants Defendants' Motion.

1

New Jersey: (1) resisting arrest in 2016; (2) burglary in 2016; and (3) aggravated assault in 2011. (Pl.'s Mot. 2.) The parties do not dispute that these convictions were punishable by imprisonment for more than one year.

A

Defendants contend that the burglary conviction must be admitted as a crime of dishonesty under Federal Rule of Evidence 609(a)(2). The Third Circuit Court of Appeals has not ruled on whether burglary requires proving a "dishonest act or false statement," but consistent with other circuits, this Court will analyze the burglary conviction—as well as the other two convictions—under Rule 609(a)(1)(A). *See* Fed. R. Evid. 609(a)(1)(A), (a)(2). *See, e.g., United States v. Mejia-Alarcon*, 995 F.2d 982, 989 (10th Cir. 1993) ("[C]rimes like burglary, robbery, and theft" fall outside the per se category of 609(a)(2)); *United States v. Pritchard*, 973 F.2d 905, 909 n.6 (11th Cir. 1992) (same); *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) (same); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (same).

In civil cases under Rule 609(a)(1)(A), evidence of a conviction to impeach a witness's character for truthfulness must be admitted, subject to Rule 403. The Court weighs four factors against the potential prejudice in admitting the conviction: (1) the nature of the conviction, (2) the time elapsed since the conviction, (3) the importance of the witness's testimony to the case, and (4) the importance of the credibility to the claim at hand. *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)).

In considering the nature of the convictions, the aggravated assault conviction involves force and/or violence. Crimes of violence are less probative of honesty than are

crimes involving deceit or fraud, so the first *Greenidge* factor weighs in Brown's favor for that conviction. The resisting arrest conviction also does not involve deceit or fraud, which again weighs in Brown's favor. For the burglary conviction, however, the nature of that offense weighs in favor of admission because "cheating, or stealing are universally regarded as conduct which reflects adversely on a man's honesty and integrity." *Sharif*, 740 F.3d at 273 n.10 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)).

The second *Greenidge* factor weighs in favor of admission. The 2016 convictions are approximately three to four years old, which is "not so far remote in time as to be irrelevant." *Sharif*, 740 F.3d at 273. And as for the 2011 conviction, "the probative value of an older conviction may remain undiminished" when there are intervening convictions, such as Brown's 2016 convictions. *United States v. Caldwell*, 760 F.3d 267, 287 (3d Cir. 2014).

The final two *Greenidge* factors—the importance of the witness's testimony and his credibility—both weigh heavily in favor of admission because Brown's testimony and credibility are crucial to his claims. Indeed, it appears that Brown is the sole witness in support of his unreasonable search and excessive force allegations.

Upon balancing the *Greenidge* factors, the probative value of the three convictions to impeach Brown's character for truthfulness is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. The primary concern is that the jury will think Brown has a propensity to act in conformity with his prior bad acts. Brown's convictions, however, are unrelated to the specific facts underlying his Fourth Amendment claims, and the Court will provide the jurors with a

limiting instruction regarding their admissibility. The convictions are therefore admissible under Rule 609(a)(1)(A).

B

Defendants also seek to admit evidence under Rule 404(b) regarding the "circumstances of [Brown's] arrest" occurring on the night at issue in this case. (Defs.' Resp. 5.) Specifically, Defendants seek to admit Brown's aggravated assault and burglary convictions—which the parties do not dispute made him ineligible to possess a firearm—in order to establish that Brown had a motive to throw a gun out a second-story window of his home. *See* (*id.*)

For evidence of a crime, wrong, or other act to be admissible under Rule 404(b), it must (1) have a proper evidentiary purpose, (2) be relevant, (3) satisfy Rule 403, and (4) must be accompanied by a limiting instruction where requested about the purpose for which the jury may consider it. *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). Evidence admitted under Rule 404(b) must establish a chain of inferences, no link of which is based on a propensity inference. *United States v. Smith*, 725 F.3d 340, 345 (3d Cir. 2013).

One disputed fact in this case is whether Brown threw a firearm out his second-floor window. This alleged act purportedly led to his arrest and the Defendants' alleged use of excessive force. Defendants have a proper evidentiary purpose under Rule 404(b) to admit evidence of the convictions because they establish that Brown had a motive to discard the gun when the Defendants announced their presence in his house. Second, the two convictions are relevant because their purpose to establish motive makes the alleged fact that Brown tossed the firearm more probable than it would be without the

motive evidence. Third, under Rule 403's balancing test, admitting the convictions is not substantially outweighed by a danger of unfair prejudice because the evidence carries some probative value, and the risk of prejudice is small considering the jurors will already learn of the convictions for impeachment purposes under Rule 609. And finally, any risk of prejudice will be minimized by use of a limiting instruction. The aggravated assault and burglary convictions are accordingly admissible under Rule 404(b) for the limited purpose of establishing Brown's motive.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.